IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

CATHERINE SCHRECK,

Plaintiff,

v.

RELIANCE STANDARD LIFE INSURANCE COMPANY,

Defendant.

CIVIL ACTION
CASE NO.: 99-6735
CIV-MOORE

MAGISTRATE JUDGE
O'SULLIVAN

FILED BY ___ D.C.
99 JUN 14 PM 4:47
CLERK U.S. DIST. CT.
S.D. OF FLA. - FTL

## NOTICE OF REMOVAL

Petitioner Reliance Standard Life Insurance Company ("RSL"), by its attorneys, timely files this petition for removal pursuant to 28 U.S.C. § 1331, 29 U.S.C. § 1132(e) and 28 U.S.C. § 1441(a), (b) and (c), requesting that the above-captioned civil action be removed from the Circuit Court of the Seventeenth Judicial Circuit Court to the United States District Court for the Southern District of Florida, and in support of this petition, avers as follows:

1. A copy of the Complaint in this action was served on RSL on May 12, 1999.

2. This action involves a claim for benefits under a group accident policy offered to employees of Gehr Industries, Inc.

3. The policy holder paid 100% of the premiums for coverage under the policy.

4. The policy was established and maintained as an employee welfare benefit plan.



1/BP

5. Based on the foregoing, this claim is governed by the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. §§ 1001 et seq.

6. ERISA provides the exclusive federal remedies for the resolution of claims by employee benefit plan participants and beneficiaries to recover benefits from such plans. 29 U.S.C. §1132(a)(1)(B). See also Pilot Life Insurance Company v. Dedeaux, 481 U.S. 41 (1987). A cause of action filed in state court which is preempted by **ERISA and** comes within 29 U.S.C. § 1132(a)(1)(B) is removable to federal court pursuant to 28 U.S.C. § 1441(c) as an action arising under a federal law which would be removable if sued upon alone, even when the ERISA related naturel of the action does not appear on the face of the complaint. See Metropolitan Life Insurance Company v. Taylor, 481 U.S. 58 (1987).

This court has original subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 1132(e). As a civil action founded upon a claim of right arising under the laws of the United States, this action may be removed to this court pursuant to the provisions of 28 U.S.C. § 1441(a)(b) and (c).

8. This notice of removal is being filed within thirty days after receipt by RSL as required by 28 U.S.C. § 1446(b).

9. Copies of all pleadings, process and orders served upon petitioner in this action are appended hereto as Exhibit "A."

10. All fees required by law in connection with this petition have been filed by petitioner.

WHEREFORE, petitioner Reliance Standard Life Insurance Company respectfully requests that the above-captioned action now pending against it in the Circuit Court of the

Seventeenth Judicial Circuit Court be removed to the United States District Court for the Southern District of Florida.

Respectfully submitted,

ALLEY, MAASS, ROGERS & LINDSAY, P.A.
Trial Counsel for Defendant
P.O. Box 431
321 Royal Poinciana Plaza, South
Palm Beach, FL 33480-0431
(561) 659-1770/ (561) 833-2261 Fax

By: ______________________
GENE D. LIPSCHER
Florida Bar No. 904228

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing was furnished by via First Class U.S. Mail, postage prepaid, to Carl S. Karmin, Esq., Karmin & Adler, 750 Southeast Third Avenue, Suite 200, Fort Lauderdale, Florida 33316 on this 4th day of June, 1999.

ALLEY, MAASS, ROGERS & LINDSAY, P.A.
Trial Counsel for Defendant
P.O. Box 431
321 Royal Poinciana Plaza, South
Palm Beach, FL 33480-0431
(561) 659-1770/ (561) 833-2261 Fax

By: ______________________
GENE D. LIPSCHER
Florida Bar No. 904228

CACE

IN THE CIRCUIT COURT OF THE 17TH JUDICIAL CIRCUIT, IN AND FOR BROWARD COUNTY, FLORIDA

03

CASE NO:
JUDGE:

99 07728

CATHERINE SCHRECK,

Plaintiff,

vs.

RELIANCE STANDARD LIFE INSURANCE COMPANY,

Defendant,
_______________________________/

## S U M M O N S

**TO THE STATE OF FLORIDA:**
TO ALL AND SINGULAR THE SHERIFFS OF SAID STATE:

YOU ARE HEREBY COMMANDED to serve this Summons and a Copy of the Complaint in this action on:

Defendant: RELIANCE STANDARD LIFE INSURANCE COMPANY

Registered Agent: INSURANCE COMMISSIONER OF THE STATE OF FLORIDA

Address: Service of Process Section
Department of Insurance
Post Office Box 6200
Tallahassee, Florida 32314-6200

Receipt Processing Section
Post Office Box 6100
Tallahassee, FL. 32314-6100

Each Defendant is required to serve written defenses to the Complaint on Plaintiff's Counsel who is: CARL S. KARMIN, ESQUIRE, KARMIN & ADLER, 750 Southeast 3rd Avenue, Suite 200, Fort Lauderdale, Florida, 33316, within Twenty (20) days after service of this Summons on that Defendant, exclusive of the date of service, and to file the original of the defenses with the Clerk of the above-styled Court either before service on Plaintiff's Counsel

EXHIBIT "A"

or immediately thereafter.

If a Defendant fails to do so, a default will be entered against the Defendant for the relief demanded in the Complaint.

WITNESS my hand and the seal of said Court on this _____ day of _______________________, 1999.

MAY 05 1999

ROBERT E. LOCKWOOD
As Clerk of the Court

VALERIE FORD

By: ________________________
Deputy Clerk

A TRUE COPY
Circuit Court

CACE

IN THE CIRCUIT COURT OF THE 17TH JUDICIAL CIRCUIT, IN AND FOR BROWARD COUNTY, FLORIDA

03

CASE NO:
JUDGE:

99 07728

CATHERINE SCHRECK,

Plaintiff,

vs.

RELIANCE STANDARD LIFE INSURANCE COMPANY,

Defendant,
_____________________________/

COMPLAINT

COMES NOW the Plaintiff, CATHERINE SCHRECK, by and through her undersigned counsel, and sues the Defendant, RELIANCE STANDARD LIFE INSURANCE COMPANY (hereinafter referred to as "RELIANCE"), and states:

1. This is an action for damages which exceed Fifteen Thousand Dollars ($15,000.00), exclusive of interests and costs.

2. At all times material hereto and at the times of the incidents complained of, the Plaintiff was a resident of Broward County, Florida.

3. At all times material hereto and at the times of the incidents complained of, the Defendant, RELIANCE, was and is a corporation authorized to do and doing business in Broward County, Florida.

4. At all times material hereto and at the times of the incidents complained of, the Defendant, RELIANCE, was authorized by the State of Florida to issue policies of insurance.

5. At all times material hereto and at the times of the

incidents complained of, the Defendant, RELIANCE, issued a life insurance policy which included Accidental Death and Dismemberment Benefits and which covered the decedent, KENNETH SCHRECK. Said policy, bearing policy number VAR-53477, was in full force and effect at all times material hereto. Said insurance policy is in the possession of the Defendant, RELIANCE, and the Plaintiff is not in possession of a copy of said policy.

6. At all times material hereto, and at the times of the incidents complained of, the Plaintiff, CATHERINE SCHRECK, was the beneficiary of the aforedescribed policy.

7. The Plaintiff has made demand upon Defendant, RELIANCE, to provide Accidental Death benefits for the decedent, KENNETH SCHRECK, pursuant to the terms and conditions of the policy.

8. Despite demand being made upon the Defendant, RELIANCE, the Defendant has failed and/or refused to pay the benefits, and has thus breached the insurance contract with the Plaintiff.

9. The Plaintiff has performed all conditions precedent to be performed by the Plaintiff under the insurance policy.

10. As a direct and proximate result of the Defendant's failure and/or refusal to pay the claim, the Plaintiff has been damaged.

11. The Plaintiff has had to retain the services of the undersigned and has agreed to pay the undersigned a reasonable fee for the services in bringing this claim.

WHEREFORE, the Plaintiff, demands judgment against Defendant, RELIANCE, as and for compensatory damages, in an amount in excess of Fifteen Thousand ($15,000.00) Dollars,

exclusive of interest and costs, and in addition thereto, an award of reasonable attorneys fees and court costs for the bringing of this action, pursuant to the applicable statute and provision in the insurance policy. The Plaintiff further demands a trial by jury of all issues so triable.

KARMIN & ADLER
Attorneys for the Plaintiff
750 Southeast Third Avenue
Suite 200
Fort Lauderdale, Florida 33316
(954) 768-9060

By: CARL S. KARMIN
Florida Bar No: 384127

CACE

IN THE CIRCUIT COURT OF THE 17TH JUDICIAL CIRCUIT, IN AND FOR BROWARD COUNTY, FLORIDA

CASE NO: 03
JUDGE:

99 07728

CATHERINE SCHRECK,

Plaintiff,

vs.

RELIANCE STANDARD LIFE INSURANCE COMPANY,

Defendant,
_______________________________/

**NOTICE OF SERVICE INTITIAL INTERROGATORIES TO DEFENDANT**

COMES NOW, the Plaintiff(s), CATHERINE SCHRECK, by and through undersigned counsel, and files this Notice of Service of Interrogatories to Defendant, RELIANCE STANDARD LIFE INSURANCE COMPANY, pursuant to Florida Rules of Civil Procedure, Rule 1.340 and would request the Defendant, to answer in writing, and under oath, the attached Interrogatories within forty-five (45) days from the date of service hereof.

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing has been served together with the Summons and Complaint in this action, upon the Defendant in the above styled cause.

KARMIN & ADLER
Attorneys for Plaintiffs
750 S.E. 3rd Avenue, Suite 200
Ft. Lauderdale, FL 33316
Tel: (305) 768-9060

By:_______________________________
CARL S. KARMIN, ESQUIRE
Florida Bar No. 384127

INTERROGATORIES

1. Please state the name, address and telephone number of each and every individual at RELIANCE STANDARD LIFE INSURANCE COMPANY, who took part in any way, regardless of small, in the underwriting of any of (plaintiff) insurance policies.

2. Please state the name, address and telephone number of each and every individual at RELIANCE STANDARD LIFE INSURANCE COMPANY, who took part in any way, regardless of how small, in the claims administration process for any of (Plaintiff's) insurance policies.

3. Please state, with specificity, in list form, each and every basis upon which you have denied (Plaintiff's) claims for benefits.

4. Please state, with specificity, in list form, each and every basis upon which you allege you are entitled to rescission of (Plaintiff's) policies.

5. Please list, each and every document in your file which you rely upon to support rescission of (Plaintiff's) policies.

______________________________

STATE OF )
)SS
COUNTY OF )

The foregoing instrument was acknowledged before me this ________ day of ____________________, 199____, by ______________________________ who is personally known to me / who provided the following as identification ______________________________ and who did / did not take an oath.

______________________________
Notary Public

My Commission Expires:

IN THE CIRCUIT COURT OF THE 17TH JUDICIAL CIRCUIT, IN AND FOR BROWARD COUNTY, FLORIDA

CACE

CASE NO:
JUDGE:

99 07728

03

CATHERINE SCHRECK,

Plaintiff,

vs.

RELIANCE STANDARD LIFE INSURANCE COMPANY,

Defendant,
_______________________________/

REQUEST FOR PRODUCTION

COMES NOW the Plaintiff, CATHERINE SCHRECK, by and through undersigned counsel, and pursuant to Florida Rules of Civil Procedure, Rule 1.350, and files this First Request for Production to Defendant, RELIANCE STANDARD LIFE INSURANCE COMPANY, and requests the Defendant to produce the items listed below to the LAW OFFICES OF KARMIN & ADLER, 750 Southeast Third Avenue, Second Floor, Fort Lauderdale, Florida 33316, in accordance with Rule 1.350:

1. Any and all Policies of Insurance which you contend cover or may not cover any Defendant for the allegations contained in Plaintiff's Complaint.

2. Any and all documents which support the affirmative defenses in your answer.

3. Any and all reports of expert witnesses who will testify at time of trial pertaining to any issue involved in this lawsuit.

4. Any statements of the Plaintiffs taken in connection with the above lawsuit.

I HEREBY CERTIFY that a true and correct copy of the foregoing was served upon the Defendant, together with the Summons and Complaint in the above styled cause.

KARMIN & ADLER
Attorneys for Plaintiff(s)
750 Southeast 3rd Avenue
Suite 200
Fort Lauderdale, Florida 33316
Tel: (954) 768-9060

BY: ______________________
CARL S. KARMIN, ESQ.
FLA. BAR NO.: 384127

CACE

IN THE CIRCUIT COURT OF THE
17TH JUDICIAL CIRCUIT, IN AND
FOR BROWARD COUNTY, FLORIDA

CASE NO:
JUDGE:

99 07728

CATHERINE SCHRECK,

Plaintiff,

vs.

RELIANCE STANDARD LIFE
INSURANCE COMPANY,

Defendant,
_____________________________/

03

**REQUEST FOR ADMISSIONS TO DEFENDANT**

COMES NOW the Plaintiff, CATHERINE SCHRECK, by and through her undersigned counsel, and file this her Request for Admissions to Defendant, RELIANCE STANDARD LIFE INSURANCE COMPNAY, pursuant to Florida Rules of Civil Procedure, Rule 1.370 and would request said Defendant to admit or deny the following in accordance with Rule 1.370:

1. That on August 5, 1998, Defendant, RELIANCE, was and is a corporation authorized to do and doing business in Broward County, Florida.

2. That on August 5, 1998, Defendant, RELIANCE, was authorized by the State of Florida to issue policies of insurance.

3. That Defendant, RELIANCE, issued a life insurance policy which included Accidental Death and Dismemberment Benefits and which covered the decedent, KENNETH SCHRECK. Said policy, bearing policy number VAR 53477, was in full force and effect at all times material hereto.

4. That on August 5, 1998, the Plaintiff, CATHERINE SCHRECK, was the beneficiary of the aforedescribed policy.

I HEREBY CERTIFY that a true and correct copy of the foregoing was served upon the Defendant, along with the Summons and Complaint in this case.

KARMIN & ADLER
750 Southeast 3rd Avenue, Suite 200
Fort Lauderdale, Florida 33316
Tel: (954) 768-9060

BY: ______________________
CARL S. KARMIN, ESQ.
Fla. Bar No.: 384127

JS 44
(Rev. 12/96)

99-6735 **CIVIL COVER SHEET** CIV-MOORE

MAGISTRATE JUDGE
O'SULLIVAN

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a) PLAINTIFFS**
Catherine Schreck

**DEFENDANTS**
Reliance Standard Life Insurance Company

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF ______
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT ______
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

Alley, Maass, Rogers + Lindsay, P.A

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
P.O. Box 431
PALM BEACH FL 33480

ATTORNEYS (IF KNOWN)

FILED BY ___ D.C.
99 JUN 14 PM 4:17
CLERK U.S. DIST. CT.
S.D. OF FLA. FT. LAUD.

(d) CIRCLE COUNTY WHERE ACTION AROSE: DADE, MONROE, (BROWARD), PALM BEACH, MARTIN, ST. LUCIE, INDIAN RIVER, OKEECHOBEE, HIGHLANDS

**II. BASIS OF JURISDICTION** (PLACE AN "X" IN ONE BOX ONLY)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (PLACE AN "X" IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (PLACE AN "X" IN ONE BOX ONLY)

- ☐ 1 Original Proceeding
- ☒ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

**V. NATURE OF SUIT** (PLACE AN "X" IN ONE BOX ONLY)

**A CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- B☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)
- B☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability

**A REAL PROPERTY**
- ☐ 210 Land Condemnation
- B☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**A TORTS**

PERSONAL INJURY
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury

PERSONAL INJURY
- ☐ 362 Personal Injury – Med. Malpractice
- ☐ 365 Personal Injury – Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**A CIVIL RIGHTS**
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/ Accommodations
- ☐ 444 Welfare
- ☐ 440 Other Civil Rights

**PRISONER PETITIONS**
- B☐ 510 Motions to Vacate Sentence

HABEAS CORPUS:
- B☐ 530 General
- A☐ 535 Death Penalty
- B☐ 540 Mandamus & Other
- B☐ 550 Civil Rights
- B☐ 555 Prison Condition

**FORFEITURE/PENALTY**
- B☐ 610 Agriculture
- B☐ 620 Other Food & Drug
- B☐ 625 Drug Related Seizure of Property 21 USC 881
- B☐ 630 Liquor Laws
- B☐ 640 R.R. & Truck
- B☐ 650 Airline Regs
- B☐ 660 Occupational Safety/Health
- B☐ 690 Other

**A LABOR**
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Mgmt. Relations
- ☐ 730 Labor/Mgmt. Reporting & Disclosure Act
- ☐ 740 Railway Labor Act
- ☐ 790 Other Labor Litigation
- A☐ 791 Empl. Ret. Inc. Security Act

**A BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**A PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

**B SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- A☐ 870 Taxes (U.S. Plaintiff or Defendant)
- A☐ 871 IRS – Third Party 26 USC 7609

**A OTHER STATUTES**
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- B☐ 450 Commerce/ICC Rates/etc.
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 810 Selective Service
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 875 Customer Challenge 12 USC 3410
- ☐ 891 Agricultural Acts
- ☐ 892 Economic Stabilization Act
- ☐ 893 Environmental Matters
- ☐ 894 Energy Allocation Act
- ☐ 895 Freedom of Information Act
- ☐ 900 Appeal of Fee Determination Under Equal Access to Justice
- ☐ 950 Constitutionality of State Statutes
- ☒ 890 Other Statutory Actions A OR B

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY)
Claim under ERISA

LENGTH OF TRIAL
via ___ days estimated (for both sides to try entire case)

**VII. REQUESTED IN COMPLAINT:** ☐ CHECK IF THIS IS A **CLASS ACTION** UNDER F.R.C.P. 23 — **DEMAND $** — CHECK YES only if demanded in complaint: **JURY DEMAND:** ☐ YES ☐ NO

**VIII. RELATED CASE(S) IF ANY** (See instructions): Broward County Circuit Court 99-07728 03 JUDGE ______ DOCKET NUMBER ______

DATE 6-14-99 — SIGNATURE OF ATTORNEY OF RECORD Gene Lipscher [signature]

**FOR OFFICE USE ONLY**

RECEIPT # 516513 6/14/99 AMOUNT 150.00 APPLYING IFP ______ JUDGE ______ MAG. JUDGE ______